HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRANDIE HASSING,

                Plaintiff,

    v.

SUNG J KIM,

                Defendant.

CASE NO. C18-5936 RBL

ORDER DENYING IFP AND REMANDING CASE

THIS MATTER is before the Court on Defendant Kim's Motion for leave to proceed *in forma pauperis* [Dkt. # 7] and on its own Motion, following review of Kim's notice of removal [Dkt. # 1] of this unlawful detainer action from Pierce County Superior Court. Plaintiff Hassing alleges she purchased a home now occupied by Kim at a trustee's sale following a non-judicial foreclosure. [Dkt. # 1-4]. Hassing sued for unlawful detainer when Kim refused to vacate.

Kim removed the case here, alleging both diversity and federal question jurisdiction. She claims Hassing is a "significant subsidiary" of Quality Loan Service Corporation, and that this is a RICO case:

ORDER DENYING IFP AND REMANDING CASE
- 1

> Federal Question 28 U.S.C. § 1331 exists because this action is based on Rico Act pursuant to 18 U.S.C. § 1961
>
> Plaintiffs and Defendants are citizens of different states.
>
> Defendant is a citizens of Washington State and resides in Pierce County.
>
> Plaintiff is a significant subsidiary of Quality loan service Corporation and is Associated with Mr. cooper loan servicing of Coppell Texas The amount of controversy exceeds $75,000.00.

[Dkt. # 1]

The party asserting federal jurisdiction has the burden of proof to establish jurisdiction. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998). The removal statute is strictly construed against removal jurisdiction, and the strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Id.* at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal question jurisdiction under 28 U.S.C. § 1331 "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In determining the existence of removal jurisdiction based upon a federal question, the court must look to the complaint as of the time the removal petition was filed. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted).

A defense (or counterclaim) is not part of a plaintiff's properly pleaded statement of claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Accordingly, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

| 1 | Hassing filed an unlawful detainer action in Pierce County Superior Court [Dkt. #1-4].
| 2 | That state court has exclusive jurisdiction over those proceedings, RCW 59.12.050, and no
| 3 | federal question is presented by Hassing's claim. The underlying complaint therefore does not
| 4 | raise or rely on a federal question, and the Kim's claim that they have a federal defense or a
| 5 | RICO counterclaim is not sufficient to confer jurisdiction. The federal question must be
| 6 | disclosed upon the complaint's face, unaided by the answer or by the petition for removal. *See*
| 7 | *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S. Ct. 96 (1936). A right or immunity
| 8 | created by the Constitution or laws of the United States must be an element, and an essential one,
| 9 | of the *plaintiff's* cause of action. *Id*. at 112.

Nor does this Court have diversity jurisdiction over the case. 28 U.S.C. § 1332. The sole issue in an unlawful detainer action is possession of property. There is no "amount in controversy." *See Green Tree Servicing, LLC v. Shoemaker*, 2005 U.S. Dist. LEXIS 36171, at *8–9 (W.D. Wash. July 15, 2005) (referencing RCW 61.24.060). Furthermore, and in any event, Hassing alleges in her complaint that she too is a resident of Pierce County. There is no diversity jurisdiction in this case.

Kim has not met and cannot meet her burden of establishing that removal was proper, or that this court has subject matter jurisdiction over the case. The removal of this action was improper.

//
//
//
//

The Motion to Proceed *in forma pauperis* is **DENIED**. The Court will *sua sponte* **REMAND** this case to the Pierce County Superior Court. The Court will not entertain a motion for fees or costs. The matter is closed.

IT IS SO ORDERED.

Dated this 26th day of November, 2018.

Ronald B. Leighton
United States District Judge

ORDER DENYING IFP AND REMANDING CASE
- 4